NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FCMA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM RECORDING MEDIA U.S.A., INC., et al., <br><br> Defendants. | Civil Action No.: 09-4053 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by FCMA, LLC ("FCMA"). This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies FCMA's motion.

**I.    BACKGROUND**

FCMA and Fujifilm Recording Media U.S.A., Inc. ("Fuji") are parties to a Distributorship Agreement ("Agreement"). This case arises from the decision by Fuji to discontinue certain optical disc products by December 31, 2009. FCMA's position is that this discontinuance "constitutes a constructive termination of the Distributorship Agreement." (FCMA Ltr. Reply, at 2 n.2.) On the other hand, Fuji argues that such discontinuance is covered by the end-of life provision in the Agreement, Article 20. On August 12, 2009, FCMA filed an Order to Show Cause seeking to preliminarily enjoin Fuji from terminating the Agreement. This

Court denied FCMA's application for injunctive relief holding that FCMA "failed to demonstrate that it will suffer irreparable harm absent the restraints." (See CM/ECF No. 6.) Specifically, the Court found that any injury asserted by FCMA was "compensable with money damages." (Id.) FCMA presently seeks reconsideration of this decision.

## II.  LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(I). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III.  DISCUSSION

As noted in this Court's August 12 Order, the Agreement at issue is a four year contract, entered into on May 1, 2007. Also as noted in the Order, FCMA asserts that this was a shorter term than it wanted, but that in exchange for this shorter term it negotiated termination provisions which apparently it felt compensated for the shorter period. FCMA in its present motion does not argue that FCMA could not terminate the Agreement; the Agreement has a termination provision. Rather, the crux of FCMA's argument is that it believes that Fuji's decision to discontinue certain consumer optical recording media is in effect a termination of the Agreement, triggering the termination provision. *Its interpretation* of this provision is that if Fuji

terminates the Agreement for any reason, it must "take back all of FCMA's inventory, and provide 'retailer mark-down money' to FCMA." (See CM/ECF No. 6, Aug. 12, 2009 Order, at 2.) Fuji's position appears to be that such discontinuance is not a termination of the Agreement, but rather is covered by the end-of-life provision of the Agreement, which does not require these payments to FCMA. The basis for FCMA's present motion is that the Court "overlooks this dispute"–that Fuji "refuses to honor protections afforded by Article 18 and 19 [of the Agreement]." (Br. in Supp. of FCMA, LLC's Mot. for Reconsideration Pursuant to Local Civ. R. 7.1(I) [hereinafter "FCMA Br."], at 1-2.) FCMA further asserts that this Court's Order "implies that FCMA will not be harmed because it is protected by the Agreement." (Id. at 1.) It continues by stating that "[a]s a result [of Fuji's failure to honor the Agreement's protections], the money the Order contemplates [that] FCMA would be entitled to recover from Fuji . . . will not be forthcoming." (Id. at 6.) Basically FCMA argues that Fuji is breaching the Agreement, and that FCMA could not have foreseen such a breach, "contrary to the position stated in the Order." FCMA misconstrues both this Court's Order as well as the standard for a preliminary injunction.

The Court did not overlook this breach of contract dispute. Instead, the Court looked at the dispute in the light most favorable to FCMA, and as characterized by FCMA, to determine if there was irreparable harm alleged. The Court did not find, as asserted by FCMA, that FCMA may not be harmed at all by Fuji's action. It found that such harm, if found to exist, was not *irreparable* because it was "compensable with money damages." Unless harm is irreparable, then injunctive relief is not appropriate. As noted in the Order, harm compensable with money is generally not irreparable. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 802

(3d Cir. 1989). Compensable with money does not mean it must be compensable now, it merely means that if the plaintiff prevails, his damages can be compensated with money.

Here, FCMA argues that the discontinuance of the optical devices constitutes a termination of the Agreement. It states that "Fuji's reliance on Article 20[, the end-of-life provision,] as a basis for terminating FCMA . . . is obviously wrong." (FCMA's Br., at 1.) Thus, if FCMA is correct, under *its interpretation* of the Agreement, then it is due *money damages*–money damages which it negotiated as part of the termination provision in exchange for a shorter contract term. If FCMA is incorrect, then it is not due these damages. For the Court to have overlooked something relevant about the <u>dispute</u> itself, FCMA would need to show that it was likely to prevail on some aspect of the dispute, which had not been considered by the Court, and that the harm that would be suffered in irreparable. FCMA has not met this burden. In fact, its argument boils down to the fact that the money it asserts it is owed is "not forthcoming" now. This is insufficient to justify the extraordinary relief of an injunction.

FCMA also argues that the discontinuance "will destroy FCMA." (Supplemental Ltr. In Supp. of FCMA's Mot., at 2.) Fuji disputes that the discontinuance will terminate the Agreement or be an end to all of its business with FCMA. But, even if FCMA is correct, as noted in the August 12 Order, the Agreement was short term, and it had a termination provision, which *FCMA* characterized in its Order to Show Cause ("OTSC") papers as one permitting termination for any reason. As FCMA also stated in its OTSC papers, in exchange for this, it negotiated a money payout in the event of termination. FCMA chose to enter this short term Agreement knowing that it could end at any time; it apparently also chose to rely solely on the business with Fuji. This is different than the cases relied on by FCMA which deal with decades-long

distributor agreements that suddenly changed in unanticipated ways. What this Court held in its August 12 Order was simply that FCMA could have foreseen that Fuji may have terminated the Agreement, or that regardless of termination, the business relationship may only be of fairly short duration. Thus, this is not the type of "destruction of business" anticipated by the cases relied on by FCMA. In short, the Court did not overlook the dispute or the fact that Fuji may be breaching the Agreement. Rather, the Court found that should FCMA prevail on its claim, based on FCMA's *own interpretation* of the Agreement, its damages would be covered by the termination provision and are compensable with money. FCMA appears to disagree with this conclusion. But disagreement with the Court's findings is not a sufficient argument for a motion for reconsideration. Therefore, FCMA's motion is denied.

### IV.   CONCLUSION

For the foregoing reasons, this Court denies FCMA's motion for reconsideration. An appropriate Order accompanies this Opinion.

DATED: October 19, 2009            /s/ Jose L. Linares
                                                    JOSE L. LINARES
                                                    UNITED STATES DISTRICT JUDGE